USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-21-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BALANCE POINT DIVORCE FUNDING, LLC,

          Plaintiff,

13 CV 1049(PKC)

ORDER

          -against-

TIMOTHY D. SCRANTOM,
BLACKROBE CAPITAL PARTNERS, LLC,
JURIDICA CAPITAL MANAGEMENT (US)
INC., and
JURIDICA INVESTMENTS LIMITED,

          Defendants.
------------------------------------------------------------x

CASTEL, District Judge:

          The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

          The Complaint asserts that this Court has federal subject matter jurisdiction based on complete diversity of citizenship, 28 U.S.C. § 1332(a). Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." Id. Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998).

          When a complaint premised upon diversity of citizenship names a limited liability company as a party – as this complaint does in the case of Balance Point Divorce Funding, LLC, and Blackrobe Capital Partners, LLC – the complaint must allege the citizenship of natural per-

2

sons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entity that is a member of the limited liability company. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998)); Strother v. Harte, 171 F.Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.").

By March 18, 2013, plaintiff shall amend its complaint to cure the foregoing deficiency, failing which the complaint will be dismissed.  Rule 8(a), Fed. R. Civ. P.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 20, 2013

2