November 12, 2014

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      RE:    <u>Balance Point Divorce Funding, LLC v. Scrantom, C.A. 13-cv-01049 (PKC)</u>

Dear Judge Castel:

      We write this letter on behalf of Defendants Juridica Investments Limited ("JIL"), Juridica Capital Management Limited ("JCML"), and Juridica Capital Management (US) Inc. ("JCMUS") (collectively, the "Juridica-related Defendants") to inform the Court that the Juridica-related Defendants would like to move for review and reconsideration of the Clerk's denial of costs for copies of transcripts that were necessarily obtained for use in the case and costs incurred for exemplification of electronic documents. These costs are taxable under 28 U.S.C. § 1920 and should be awarded given the circumstances of this case. The Juridica-related Defendants' motion for review of the Clerk's action, pursuant to Federal Rule of Civil Procedure 54(d)(1), is due seven days after the Clerk's action. Accordingly, we request leave to file the motion after the Court considers this pre-motion letter.

**I.**    **Relevant Procedural Background**

      On October 15, 2014, the Court entered an Order voluntarily dismissing the case with prejudice and directing the Clerk to tax costs in favor of the defendants. On October 21, 2014, the Juridica-related Defendants submitted a Bill of Costs totaling $50,913.74, which included certain deposition transcripts and costs associated with the electronic production of documents. Balance Point submitted its Objection to the Bill of Costs on November 5, 2014. Specifically, Balance Point objected to the submission of costs to obtain copies of deposition transcripts and to produce electronic documents as inconsistent with Local Rule 54.1. Balance Point conceded, however, that certain of the costs for the transcripts and electronic production were permissible under 28 U.S.C. § 1920. The Clerk declined to tax the deposition transcript and electronic production costs, finding them outside the scope of Local Rule 54.1, and awarded $690.00 in costs to the Juridica-related Defendants.

**II.**    **Argument**

      This case justifies the exercise of the Court's discretion to award costs beyond those explicitly set forth in Local Rule 45.1. As set forth in more detail in the Juridica-related Defendants' pre-motion letter regarding sanctions and in Timothy Scrantom's motion for sanctions, Dkts. 112, 116-19, Balance Point knew before filing its complaint that there was no

basis to pursue this case.  Nevertheless, it persisted through discovery, including the deposition of Lila Masters, who confirmed what Balance Point already knew: nothing Timothy Scrantom or the Juridica-related Defendants did had any bearing on her decision to breach her agreement with Balance Point.  Balance Point scheduled Ms. Masters' deposition at the end of the case, after all other discovery, to delay the inevitable in hopes of leveraging a settlement from the Juridica-related Defendants.

Along the way, the Juridica-related Defendants incurred costs for deposition transcripts that they then began incorporating into a motion for summary judgment.  The Juridica-related Defendants also incurred substantial costs associated with electronic discovery.  The Juridica-related Defendants intended to file a pre-motion letter concerning their anticipated summary judgment motion at the status conference set for September 30, 2014.  Due to Balance Point's stubborn refusal to dismiss the case, that motion was well underway by the time Balance Point finally confirmed it would agree to a voluntary dismissal.

Both the copies of deposition transcripts and electronic discovery costs were necessary and should be awarded pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54.

    A.    **The Deposition Transcripts Were "Necessarily Obtained for Use in the Case."**

Local Rule 54.1 provides that only copies of deposition transcripts used or received in evidence at trial or used by the Court in ruling on a motion for summary judgment are taxable "unless otherwise ordered by the Court."  This rule recognizes that the Court has discretion to award costs beyond the confines of the local rules in appropriate circumstances as long as those costs are consistent with the statutory standard.  *Cf. In re Air Crash Disaster*, 687 F.2d 626, 631-32 (2d Cir. 1982) (rejecting argument that only deposition transcripts read at trial were taxable as inconsistent with § 1920); *Jarvis v. Ford Motor Co.*, No. 92 Civ. 2900(NRB), 2003 WL 1484370, at *1 (S.D.N.Y. Mar. 21, 2003) (finding that the "overall necessity of" certain deposition testimony warranted awarding costs associated with videotaping and obtaining conference room).  This case justifies the exercise of the Court's discretion to award the costs incurred to obtain copies of transcripts.

Balance Point concedes that $2,210.93 of the costs of deposition transcripts the Juridica-related Defendants seek would be taxable under Section 1920 but for Local Rule 54.1.  It objects to the remaining $4,871.86 on various grounds.  None of these objections are well-taken.

As to the transcripts of Gary Stern and Seth Berman, Balance Point argues that their depositions were "purely investigative" and the copies are therefore not taxable.  However, Stern and Berman, both affiliated with Asta Funding, Inc., were key witnesses with regard to Balance Point's standing to raise the claims in this lawsuit.  Accordingly, their depositions were part of the anticipated motion for summary judgment concerning that issue.

Balance Point also objects to the costs of the transcripts for the depositions of Timothy D. Scrantom, Stacey Napp, and Richard Fields not on the basis of necessity, but rather because the invoices the court reporting firm provided happen to list a "Litigation Support Package" and an "Exhibit Package."  However, Balance Point fails to note that the only line item on these

The Honorable P. Kevin Castel
November 12, 2014
Page 3

transcripts with an associated dollar amount is the "Copy of Transcript" line. These invoices are plainly for copies of transcripts.

Finally, Balance Point objects to the costs associated with obtaining copies of the deposition exhibits associated with the transcripts of Lord Daniel Brennan and Mark Broadwater, as well as a $4.38 discrepancy between the invoice and amount paid for the deposition of Lord Brennan. As to the costs of exhibits, the fact that paper copies have been circulated at a deposition does not negate the necessity of obtaining marked copies of the exhibits, which are the only copies usable in a summary judgment filing. The immaterial $4.38 discrepancy with respect to the invoice for the Lord Brennan deposition is due to the fact that the transcript cost was paid in foreign currency.

For the foregoing reasons and each of them, the Court should award the Juridica-related Defendants costs for transcripts that were necessarily obtained for use in the case in the amount of $7,082.69.

### B. Electronic Discovery Costs Constitute "Fees for Exemplification and the Costs of Making Copies … Necessarily Obtained for Use in the Case."

Local Rule 54.1 takes no position on the recovery of the costs associated with electronic discovery, noting in the comments that "[c]ourts in other circuits have begun to address the question whether and to what extent the costs of electronic discovery can be taxed as costs of copying or exemplification" but that "in the absence of authoritative guidance from the Second Circuit on this issue, the Committee has concluded that it is premature to address this question in Local Civil Rule 54.1(c)." In the absence of express permission to award such costs under the Local Rule, the Clerk denied them.

This denial is erroneous. All courts that have addressed the issue have recognized that some costs associated with electronic discovery are recoverable, although they vary with respect to the specifics. Even the cases that Balance Point cites – for example, *Race Tires of America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012) – recognize that at least some costs are recoverable.

In fact, all of the costs related to electronic discovery that the Juridica-related Defendants seek are taxable under an appropriate view of Section 1920(4). Prior to 2008, Section 1920(4) provided for the recovery of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (2006). In 2008, Congress amended Section 1920(4) to provide the recovery for "the costs of making copies of *any materials* where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (2008) (emphasis added). The legislative history of this amendment makes clear that the purpose was to allow the recovery of costs *associated* with making electronic copies. *See, e.g.*, Judicial Conference of the U.S., Report of the Proceedings of the Judicial Conference of the United States 10 (Mar. 18, 2003) (recommending that Section 1920(4) be amended "to permit taxing the costs *associated with* copying materials whether or not they are in paper form"); 154 Cong. Rec. H. 10270, 10271 (2008) (noting that the "noncontroversial measures proposed by the Judicial Conference [were] to improve efficiency in the Federal Courts" and to make "electronically produced information coverable in court costs").

The Honorable P. Kevin Castel
November 12, 2014
Page 4

Both before and after Section 1920 was amended, courts concluded that costs associated with "copies of papers" include more than the cost of the paper or the act of making a copy. Instead, recoverable costs include all costs associated with the making of an intelligible reproduction of a document. For example, in *Haroco, Inc. v. American National Bank & Trust Company*, 38 F.3d 1429, 1441 (7th Cir. 1994), the Seventh Circuit affirmed the award of costs for "copying and collating." Likewise, in *Stevens v. Bowman*, the Eastern District of Pennsylvania held that a prevailing party could recover "search and retrieval fees" associated with having her medical records "copied." The court accepted her argument that "she would have been unable to obtain the records had she not paid the charges that were requested by each of the health care providers." No. 07-2603, 2009 WL 117847, at *5 (E.D. Pa. Jan. 15, 2009).

Similarly, in order to make copies of electronic materials, those materials must be processed, searched, and prepared for production. That is the only way they can be usable. According, processing costs are recoverable. *See, e.g.*, *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1329-30 (Fed. Cir. 2013); *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012 WL 1610979, at *4 (N.D. Cal. May 8, 2012); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (affirming award of the costs of "converting computer data into a readable format in response to plaintiff's discovery requests"). Likewise, courts have awarded the costs of converting documents to a searchable format (optical character recognition or "OCR"). *See, e.g.*, *Rundus v. City of Dallas*, No. 3-060CV-1823-BD, 2009 WL 3614519, at *2-3 (N.D. Tex. Nov. 2, 2009). Moreover, even Balance Point concedes that certain copying costs, such as the costs associated with TIFF imaging, are recoverable under Section 1920(4). Objection at 4 (conceding that the cost of converting documents to TIFF images is recoverable).

The costs of hosting, managing, processing, and producing electronic documents are associated with and necessary to making usable electronic copies and fall outside the expertise of attorneys and paralegals. The Juridica-related Defendants should therefore be awarded these costs. At a minimum, the Juridica-related Defendants should be awarded costs associated with processing and posting the data, OCR processing, Tiff Conversion, Electronic Embedding (bates-labeling), Document Production, and Document Unitization, which costs total $29,026.01.

### III.   Conclusion

For the foregoing reasons and each of them, the Juridica-related Defendants request that the Court consider this pre-motion letter regarding the award of costs in the amount of $50,913.74 and, after considering the letter, grant the Juridica-related Defendants leave to file a motion pursuant to Rule 54(d)(1).

Very truly yours,

Robert D. MacGill

cc.   All counsel of record (via ECF)